SARTAIN, Judge.
This cause originated in the City Court of Baton Rouge, Baton Rouge, Louisiana, on the petition of plaintiff seeking judgment for the alleged failure of the defendant to return the sum of $50.00 as an advance deposit on an apartment rental together with $200.00 for general damages, or a total of $250.00, pursuant to R.S. 9:-3251 et seq. (Act 696 of 1972). Judgment was rendered as prayed for on October 27, 1972. On October 30, 1972, the defendant filed a motion for a new trial which was granted on November 14, 1972.
Plaintiff contends that the order of November 14, 1972 granting defendant a new trial is contrary to the express provisions of C.C.P. Art. 4897.
Under date of December 7, 1972, we issued alternative writs of mandamus, cer-tiorari and prohibition permitting the trial judge to rescind his order of November 14, 1972, or to show cause by briefs before this court on or before December 29, 1972, why such writs should not be made peremptory.
We agree with the position taken by the plaintiff-relator. C.C.P. Art. 4897 by its express terms provides that no new trial may be granted from a judgment of the City Court once the same has been reduced to writing and signed by the judge.
Accordingly, for the above reasons the writ previously issued herein is made peremptory and the order of the judge a quo dated November 14, 1972, granting defendant a new trial is annulled, reversed and set aside. The cost of this proceeding is cast against the defendant-respondent.
Writ made peremptory.